(107 App. Div. 200.)

HOWELL v. JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS.

(Supreme Court, Appellate Division, Fourth Department.   July 31, 1905.)

1. LIFE INSURANCE—FORFEITURE—MAILING NOTICE—EVIDENCE.

Whether there was a mailing of a notice, which Insurance Law, § 92 (Laws 1897, p. 92, c. 218, § 2) makes a prerequisite to forfeiture of a life policy, is a question for the jury; the recollection of the clerk of the insurer's agent, the only witness testifying that the notice was sent, depending on an examination of the due sheet, the check mark on which opposite insured's name, indicating that the notice was sent to him, there being no proof that the notice was not returned to the agent, though the envelope containing it bore his return address, and the persons having charge of insured's mail testifying that the notice was not received.

2. INSTRUCTIONS—FACTS AUTHORIZING VERDICT.

The instruction in an action on a life policy claimed to have been forfeited, charging that if the jury found there was an authorized agreement extending the time of payment of a premium it is binding on defendant, and that if notice required to forfeit a life policy was not mailed plaintiff is entitled to recover, does not authorize a verdict for plaintiff, if the jury find there was the agreement for extension of time of payment.

Hiscock and Stover, JJ., dissenting.

Appeal from Trial Term, Monroe County.

Action by Helan Howell against the John Hancock Mutual Life Insurance Company, of Boston, Mass.   From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William De Graff, for appellant.
Elbridge L. Adams, for respondent.

SPRING, J.   The plaintiff is the beneficiary named in an insurance policy of $3,000 issued by the defendant, a Massachusetts life insurance corporation, November 29, 1901, upon the application of her husband, Charles F. Howell, who died December 31, 1902.   The semiannual premium fell due November 29, 1902, and was never paid.   The 30 days of grace expired December 29th.   The plaintiff claims that the local agent of the defendant extended the time of payment until after January 1st.   The proof does not sustain this contention; for, even if the agent possessed the power to extend the due date of the premium, which we doubt, the proof shows unmistakably the privilege granted was on the understanding that the insured "took the chances of living" until the extended time was passed, and if he died in the meantime the policy was not enforceable.   The trial court therefore erred in submitting this proposition to the jury.   If this error were material, we would coincide with the minority of the court in granting a new trial.   In our view of the case, however, the error was inconsequential for reasons which we will proceed to state.

Section 92 of the Insurance Law (section 2, c. 218, p. 92, Laws 1897), which is entitled "No Forfeiture of Policy without Notice," provides that no life insurance policy—

"Shall be forfeited or lapse within one year from the date when any premium is due unless a written or printed notice in the form and manner prescribed in the statute shall have been mailed to the insured at his last known post-office address in this state * * * at least fifteen and not more than forty-five days prior to the date when the same is payable."

The section further enacts:

"And no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice."

Accordingly it is an essential prerequisite for an insurance company, which seeks to declare forfeited a policy issued by it, to establish that the notice required by this statute has been mailed to the insured. Baxter v. Brooklyn Life Ins. Co., 119 N. Y. 450, 23 N. E. 1048, 7 L. R. A. 293; Strauss v. Union Central Life Ins. Co., 170 N. Y. 349, 63 N. E. 347.

The plaintiff claims that the defendant has omitted to meet this requirement, and we will briefly state the facts bearing upon this issue. Up to October 4, 1902, the insured resided at No. 8 Girton Place, Rochester, N. Y., and on that day he moved to No. 64 Barrington street, in the same city, and by his direction all mail addressed to him at Girton Place was delivered at his Barrington street address. George N. Smith was the general agent in charge of the business of the defendant at its Buffalo office, and had in his employ a Miss Hydorn, who attended to the preparing and mailing of the premium notices on behalf of the defendant. She testified that along from the 17th to the 20th of October she prepared and mailed the notice provided for by the statute, addressed to the insured at No. 8 Girton Place in the city of Rochester. She prepared this notice in conjunction with 400 or 500 others for premiums maturing in November. Her recollection depended upon the examination of the due sheet, and opposite each name was a check made by her. The red check opposite the name of Mr. Howell denoted two distinct facts: the mailing of the notice to him, and also that the receipt was sent for collection to the agent at Rochester. The envelope containing the notice to the insured bore the return address of Mr. Smith, the agent of the defendant, and there is no proof that the letter was not returned to him. While this proof was sufficient to meet the burden primarily imposed upon the defendant, it was not by any means conclusive and of itself tended to create some uncertainty. Mrs. Howell testified that during all the time when this letter might be expected to have reached the Howell house that she received the mail, and whatever came for her husband she laid aside for him, and that she saw no letter bearing the return address of Mr. Smith upon a corner of the envelope. Mr. Briggs, her brother-in-law, attended the funeral of Mr. Howell, and at the request of the widow took charge of his papers and examined them, but found no notice such as the defendant claims to have mailed

to Mr. Howell. In these circumstances, therefore, it was for the jury to say whether the statutory notice had been mailed to Mr. Howell. Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473, 34 N. E. 289. We must, in our review of the case, start with the fact established that the defendant failed to mail this notice which is essential to declare the policy forfeited for nonpayment of premium.

It is of no importance whether Howell solicited an extension of the time of payment of the premium, with his explicit statement that, if the favor was accorded, his policy should be inoperative in the meantime. If the court had held as matter of law that the local agent possessed no authority to postpone the date of payment, or that no forbearance at all was granted by him, still, with the fact found that no notice was mailed as required by the statute, the defendant is not in a position to claim a forfeiture of the policy. That failure is the insurmountable barrier to any claim that the policy has become forfeited or lapsed. It is to be noted that the trial judge merely charged the jury that, if they found that the time of payment was extended, then that agreement would be binding upon the defendant. He did not instruct the jury that the determination of that issue favorably to the plaintiff entitled her to recover. On the contrary, he made the controlling fact in the case the one involving the mailing of the notice, stating that, if the notice was not mailed, the plaintiff was entitled to recover. In fact, it was obvious, from the charge as a whole, that the trial judge did not intend that the verdict of the jury should rest upon the proposition of the extension of the time of payment of the premium, but presented as the pivotal question for their determination the mailing of the notice.

The statutory provision (section 92) that an action on a forfeited policy must be instituted within one year from the date of the default has no application to this case. The policy is not forfeited, and it fixes the limitation of two years, which agreement of the parties supersedes the statutory limitation.

The judgment and order should be affirmed, with costs. So ordered. All concur, except HISCOCK and STOVER, JJ., who dissent.

HISCOCK, J. (dissenting). I am unable to agree with the conclusion reached by the majority of the court, but think that the judgment should be reversed because of error committed by the trial judge in connection with plaintiff's claim that the time for payment of the semiannual premium was extended by defendant's local agent. I shall assume that it was essential for the defendant, in support of its defense that the policy had been forfeited for nonpayment of the November premium, to establish that notice required by the statute had been mailed to the insured, and that upon all of the evidence it was a question of fact for the jury whether such notice had been so mailed. If the determination of the case had been allowed to rest upon a decision of this issue by the jury, a verdict favorable to the plaintiff might be sustained; but, as I

think, the trial judge authorized a verdict to be found in favor of the plaintiff upon the other theory, that of an extension of time of payment of the premium. It is unnecessary to review and discuss the evidence, for the purpose of demonstrating that it is insufficient to sustain a recovery upon such theory; for it is conceded in the prevailing opinion that it is not sufficient. The case upon this branch comes clearly within the reasoning of Conway v. P. M. L. Ins. Co., 140 N. Y. 79, 35 N. E. 420, which is adverse to plaintiff's views.

But it is said, first, that the trial judge "made the controlling fact in the case the one involving the mailing of the notice," and in respect to which we "must start with the fact established that the defendant failed to mail this notice"; and, secondly, that while the trial judge "charged the jury that if they found that the time of payment [of the premium] was extended, then that agreement would be binding upon the defendant, * * * he did not instruct the jury that the determination of that issue favorably to the plaintiff entitled her to recover." If the court fairly induced or permitted the belief upon the part of the jury that they might find a verdict for the plaintiff upon both or either of the grounds that the notice had not been mailed and that the time of payment had been extended, we cannot say that one issue was made any more controlling than the other, nor under a general verdict can we assume, as does the majority opinion, that the jury determined that no notice necessary to work a forfeiture was mailed. If both of the issues indicated were submitted, it may just as well be assumed that the jury found that the time of payment had been extended, and then deemed it unnecessary to decide whether any notice was served. In other words, the elementary rule applies that, if this case was submitted to the jury upon two theories, one of which was erroneous, the presumption is against the judgment, and it must be reversed, and therefore I pass to the consideration of the second reason advanced for sustaining it.

It seems to me to be a very incomplete view which regards the question of extension of time of payment as not having been submitted to the jury. That issue ran all through the case. In her complaint the plaintiff distinctly and fully alleged an agreement of extension by the agent which prevented any forfeiture of the policy. This having been denied in the answer, a large amount of evidence was admitted, over the strenuous objection of the defendant, for the purpose of establishing the alleged agreement. The propositions involved in this claim were covered by the motion for a nonsuit. After all this, the learned trial justice commenced his charge as follows:

"There are two principal points that I shall discuss: First, the complaint alleges that 'on or about the 27th day of December, 1902, and before the semi-annual premium of $61.47 became due, the insured requested of the duly authorized agent of the defendant at Rochester, N. Y., by whom said policy had been solicited and through whom it was delivered, that the policy be continued as a valid, subsisting policy, notwithstanding the nonpayment of said semiannual premium of $61.47 when the same became due on the 29th day of

November, 1902, and that the agent agreed with and promised the insured that he would carry said policy, and would not forfeit the same for the nonpayment of said premium, provided the same were paid to said agent within a week thereafter; that, relying upon the said agreement and promise of the agent, the defendant, the insured did not pay the said semiannual premium within thirty days from the time it was due.' Now, gentlemen, if you find from the evidence that an arrangement was made with the agent to extend the time of payment of the policy upon the insurance, and that the agent was authorized by the company to make that agreement, or, if you find from the evidence that it was customary for the agent to do this kind of business, give extension as to the time of payment of premiums, with the knowledge and approval of the officers of the company, then that contract would be good and binding upon the defendant. That is a question of fact which you must determine from all the evidence. It is not for the court to say, but it is a question of fact for you to determine. The next question that you may take into consideration is the question of notice," etc.

In addition, the court, by various refusals to charge and remarks, emphasized its views that the action and evidence presented this issue of extension as one of the decisive ones to be considered by the jury. In the light of all this—pleadings, proofs, and charge relating to this subject—it seems to me utterly unjustifiable to hold that the court did not fairly instruct the jury that they might find an extension of time of payment of the premium, and that, if they did so find, the plaintiff was entitled to a verdict. We cannot reasonably reject the view that it did so, simply because the judge did not in so many words tell the jury that they might so decide for the plaintiff if they found the extension. That was the fair import of what was said and done, and otherwise much that occurred upon the trial was quite irrelevant and pointless. The entire court is agreed upon the proposition that if, as I have contended, this question was submitted, it was error requiring a reversal of the judgment.

The judgment should be reversed.

STOVER, J., concurs.