(62 Misc. Rep. 469.)

### AUSPITZ v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES.

(Supreme Court, Appellate Term. March 5, 1909.)

INSURANCE (§ 646*)—ACTIONS ON POLICIES—CONDITIONS PRECEDENT—PAYMENT OF PREMIUMS—PROOF.

Under section 92 of the insurance law (Laws 1892, p. 1792, c. 690), making the mailing of a notice to insured a prerequisite to forfeiture of a life policy, and declaring that no policy shall be forfeited until 30 days after the mailing of such notice, proof of payment of premiums is not essential to recovery on the policy, since nonpayment of premiums does not defeat the action, unless accompanied with proof of service of the statutory notice.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1657; Dec. Dig. § 646.*]

Appeal from City Court of New York, Trial Term.

Action by Rosie Auspitz, as administratrix of Martin W. Auspitz, deceased, against the Equitable Life Assurance Society of the Unit-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed States, on a policy of insurance. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Alexander & Green (William Carrell Diamond, of counsel), for appellant.

Morris Cukor, for respondent.

MacLEAN, J. The plaintiff brought this action to recover the face value, with interest, of a certain policy of insurance issued by the defendant on April 10, 1905, upon the life of plaintiff's intestate, alleging in her complaint the issuance of the policy and compliance with its conditions. The answer, among other things, admits issuance of the policy, but denies performance of its conditions, and alleges that the premium due April 10, 1908, the death of the assured occurring on the 7th day of June, 1908, was not paid, and that the notice required by law was duly given to the assured.

"It is an essential prerequisite for a life insurance company, which seeks to declare forfeited a policy issued by it, to establish that the notice required by this statute (section 92 of the insurance law [Laws 1892, p. 1972, c. 690]) has been mailed to the insured" (Howell v. Hancock Mut. Life Ins. Co., 107 App. Div. 200, 202, 95 N. Y. Supp. 87, affirmed in 186 N. Y. 556, 78 N. E. 1105); and that fact the defendant herein has not established, for "it is obvious that this statute, when imported into the contract, modified its conditions in very material respects. The duration and validity of the policy is not, then, dependent upon payment of the premium on the day named therein, but upon payment within 30 days after the notice had been given." Baxter v. B. L. I. Co., 119 N. Y. 450, 455, 23 N. E. 1048, 7 L. R. A. 293. Furthermore, the defendant did not establish that the premium, alleged to be due on April 10, 1908, had not been paid; nor may it be determined, except by strained inference, that the plaintiff has conceded that fact in her complaint. "Proof of payment was not essential to plaintiff's cause of action, because, under the statute referred to, the fact of nonpayment alone is no bar to her action." Fischer v. Metropolitan Life Ins. Co., 167 N. Y. 178, 182, 60 N. E. 431, 432.

Assuming, however, that the fact of nonpayment was inferentially established, that alone, as said, is no bar. It is "only when there is evidence of nonpayment of premiums, coupled with proof of the service of the statutory notice required by said section of the insurance law, can the plaintiff's cause of action be defeated." Fischer v. Met. Life Ins. Co., 167 N. Y. 183, 60 N. E. 432. The latter fact was not shown, and therefore, in view of the evidence, the direction of a verdict in favor of the plaintiff was not erroneous.

Judgment affirmed, with costs. All concur.