ROBERT MACKENZIE, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, February 9, 1931.

*Harry Wylan,* for the plaintiff.

*Peter C. Mann,* for the defendant.

LAZARUS, J. This action is brought to recover the sum of $875 which the plaintiff maintains he is entitled to pursuant to the terms of an insurance policy issued by the defendant to the plaintiff. The specific clause of said policy which the court is called upon to construe is one referring to total and permanent disability.

The facts involved are as follows: The plaintiff was accidentally injured on the 28th day of December, 1929, and as the result

thereof he sustained an infection in his left foot which necessitated the amputation of the great and fourth toes of the said foot. By reason thereof the plaintiff was wholly disabled from the time he sustained the injury until the 21st day of July, 1930, or a period of six months and three weeks. The plaintiff visited the office of the defendant some time on or about the middle of July, 1930, and notified the defendant of the above facts, and was told that the defendant would not recognize his claim as there was no disability present. The plaintiff later set forth his claim in a letter to the defendant dated July 31, 1930 (Plaintiff's Exhibit B). Thereafter on or about August 6, 1930, the plaintiff received a reply from the defendant (Plaintiff's Exhibit C) in which the defendant stated that no presumption of permanent injury arose in the plaintiff's case and that since the plaintiff recovered from his injury he was not entitled to any benefits under the policy. The policy provides for the payment of $125 per month during the period of disability and the waiver of subsequent premiums if the assured becomes wholly and permanently disabled. The policy then further provides when disability shall be deemed to be total, and that when such total disability shall be presumed to be permanent in the following language: "*Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months.*" The defendant does not dispute the fact that the plaintiff was totally disabled for a period of six months and three weeks. It claims that since the plaintiff was not totally disabled when he presented his claim to the defendant the presumption of permanency did not arise and he is, therefore, not entitled to recover. The plaintiff relies upon a presumption of permanency based upon the fact that he was totally disabled for a period of three months.

The mere fact that the plaintiff was totally disabled for a period of three months will not entitle him to compensation if the total disability *was not present* at the time of the notification. The policy provides: " and such total disability shall be presumed to be permanent *when it is present* and has existed continuously for not less than three months."

The provision regarding the creation of a presumption undoubtedly is contained in the policy for the benefit of the assured, for in a case where an assured presented a claim at the expiration of three months and the total disability was present, but it could not be determined whether it would be permanent or not, the

assured would not be deprived of the benefits under the terms of the policy, and the presumption of permanency would continue until rebutted by the company. However, the distinction arising in the case at bar is that the total disability *was not present* at the time the plaintiff presented his claim to the defendant, and, therefore, there could not be any presumption of permanency. It is true that conditions and stipulations in an insurance policy should be construed most strongly against the insurance company and in favor of the assured. The provisions herein referred to do not seem to be ambiguous. The words *total, permanent* and *present* take their ordinary meaning. The policy herein is a life insurance policy and not an accident policy; the face amount of which is $12,500, to which for a small additional premium $22 out of a total premium of $329.01 there were added premiums for benefits for total and permanent disability. It is quite apparent from the very nature of the contract that the parties agreed that the disability clause therein contained referred only to total and permanent disability. The defendant is entitled to judgment against the plaintiff.