HARRY PERLMAN, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

First Department, January 15, 1932.

*Joseph Gorowitz* of counsel [*Garrow & Gorowitz*, attorneys], for the plaintiff.

*Donald C. Leo* of counsel [*Louis H. Cooke*, attorney] for the defendant.

SHERMAN, J.  The parties have submitted this controversy upon an agreed statement of facts.

In October, 1923, defendant issued to plaintiff its policy of life insurance for $2,000.  In February, 1925, defendant issued another policy of life insurance for $3,000 to plaintiff.  Premiums on both policies were to be paid semi-annually, and all such premiums have been paid, including the premium due in April, 1931, under the first policy, and the premium due in February, 1931, under the second one,

Each policy contains the following provisions for total and permanent disability benefits:

" 1. Total Disability. Disability shall be deemed to be total whenever the Insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit.

" 2. Permanent Disability. Disability shall be presumed to be permanent,— (a) Whenever the Insured will presumably be so totally disabled for life; or — (b) After the Insured has been so totally disabled for not less than three consecutive months immediately preceding receipt of proof thereof.

" 3. Benefits.— Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is totally and presumably permanently disabled and that such disability occurred after the insurance under this policy took effect and before its anniversary on which the Insured's age at nearest birthday is sixty years, the following benefits will be granted:

" (a) Income payments.— The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy during his lifetime and continued disability, beginning immediately on receipt of said proof. Any income payment due before the Company approves the proof of disability shall be payable upon such approval. If disability results from insanity, income payments under this section will be paid to the Beneficiary in lieu of the Insured."

On April 27, 1931, defendant received at its home office due proof of the fact that plaintiff had been continuously since December 15, 1930, totally disabled; that since December 15, 1930, plaintiff had continuously suffered from arthritis of both knees and legs, by reason of which he was prevented from engaging in any occupation for remuneration or profit. Thereafter defendant received due proof of the fact that such condition continued until May 8, 1931. Such proofs, however, did not indicate that plaintiff was " presumably permanently disabled " for life.

On November 25, 1925, defendant had adopted this rule governing approval of disability claims:

" Disability benefits may be allowed from a date prior to date of receipt of due proof as follows:

" (a) Where it can be definitely determined that the Insured is totally and presumably permanently disabled for life, the disability benefits may relate back to a date not exceeding six months prior to date of receipt of proof.

" (b) Where it cannot be definitely determined that the insured is totally and presumably permanently disabled for life, but where

it is proven that the insured is and has been totally disabled for at least three consecutive months immediately preceding proof, then the disability benefits may relate back to a date not exceeding six months prior to date of receipt of proof, providing that in no event they relate back prior to three months from the commencement of total disability."

Following the receipt of the above-mentioned proofs, defendant approved disability benefits as of March 15, 1931, and paid to plaintiff two monthly income payments under each policy, totalling $100 and also refunded the April, 1931, premium on the first policy, which payments plaintiff accepted without prejudice.

Plaintiff now claims that disability benefits commence from the date of total disability, viz., December 15, 1930, and this suit is for the recovery of three monthly payments under each policy, plus a refund of the February, 1931, premium on the second policy. The total amount so asked is $209.82. Defendant, on the other hand, contends that plaintiff has received all the payments to which he is entitled.

It is plaintiff's contention that regardless of the date of receipt of due proof of disability, the income payments under the policies are payable from the date of actual commencement of the presumably total and permanent disability.

Paragraphs 1 and 2 of each policy define total and permanent disability. Total disability did not in fact become presumably permanent until after it had lasted for three consecutive months. Defendant was not obligated to pay any benefits prior to April 27, 1931, the date of receipt of due proof. By allowing benefits as of March 15, 1931, in pursuance of its adopted rule which was more liberal than required by the policies, defendant did not bind itself to make payments from an earlier date. That no liability is imposed on defendant prior to the receipt of due proof of total and permanent disability definitely appears from the language of paragraph 3 of the policies.

Upon the company's approval of the proof submitted, the right to income payments became fixed and payable as of the date of receipt of such proof. The same paragraph of the policies also provides for the waiver of premium " falling due after approval of said proof."

Plaintiff claims that the disability clause is ambiguous, and that the policies do not clearly state that disability payments commence only from the receipt of proof. We do not find any ambiguity; and, therefore, are not called upon to make a choice of interpretation. It would strain the terms of the policies to hold that defendant is

obligated to pay disability benefits for the period of three months prior to the receipt of proof.

Therefore, as " total disability " did not become " presumably permanent disability " under the policy definitions until it had lasted three months, we hold that defendant has fulfilled its obligations.

Judgment should be directed for defendant.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment directed for defendant.   Settle order on notice.