FREDERICK J. CORBETT, Plaintiff, v. PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Queens, Sixth District, August 29, 1932.

*Charles T. Corey*, for the plaintiff.

*Platt, Taylor & Walker* [*Frank A. Fritz* of counsel], for the defendant.

PETTE, J.   Three separate actions are brought by plaintiff to recover upon three policies of life insurance issued to him by defendant.   The policies are as follows: (1) No. 435434, issued October 1, 1923; (2) No. 440401, issued January 1, 1925; (3) No. 520984, issued July 23, 1927.   The provisions of each policy, with respect to the payment of benefits in the event of total and permanent disability, are the same.

So far as material here, each policy, after making provision for payment upon proofs of death, further provides: " and, under the provisions of section 21 hereof, the company will pay to the insured during permanent and total disability an income of   *   *   *   a month and will waive the payment of premiums hereunder during such disability."

Section 21, entitled " provision for Permanent Total Disability," provides: " (a) Life Income Payable Monthly and Waiver of Premiums.   If due proofs shall be received at the Home Office of the Company that the insured hereunder   *   *   *   has, through sickness   *   *   *   become totally and presumably permanently incapacitated from engaging in any gainful occupation, the Company will, during the lifetime of the insured and while such total disability

continues, waive each subsequent premium hereunder as it shall become due, and, beginning at the date of receipt of such proof of disability, will pay to the insured or assigns the monthly income described on the first page hereof."

Section 21 further provides: " (e) Disability Accepted as Total and Permanent. Total disability will be presumed to be permanent whenever it has existed continuously for a period of at least six months. Without prejudice to any other causes of disability the total and permanent loss, through sickness or accident, of the use of both hands or of both feet, or of one foot and one hand, or of the sight of both eyes, shall constitute permanent total disability."

The evidence submitted by plaintiff tends to show that on July 18, 1931, he became, in fact, totally and permanently disabled as a result of chronic, infectious sinusitis, and chronic, multiple infectious arthritis. It is also shown that on February 4, 1932, plaintiff wrote to defendant stating the facts as to his disability, and making claim for benefits. The communication was received at the home office of the defendant on February 17, 1932. Whether it constitutes " due proof " is inconsequential, for the reason that the defendant acted upon it, approved the disability benefits, paid the sum, and waived the payment of future premiums.

Plaintiff contends that the disability benefits commenced from the date of total disability, to wit, July 18, 1931, and these actions are brought to recover the monthly payments under each policy for the period beginning July 18, 1931, the date when disability began, and ending February 17, 1932, the date when the defendant company received notice or proof of claim. Defendant, on the other hand, submits that plaintiff is not entitled to recover any benefits for any period before February 17, 1932.

The language of both clauses above quoted is clear and free from ambiguity. It admits of but a single interpretation upon the facts of this case.

" Total, permanent disability " is defined and divided in two classes by clause " (e)." The loss of certain members conclusively establishes permanent, total disability. Any other disease or affliction must first be proven to constitute total and permanent disability; but, where the total disability has existed " continuously for a period of at least 6 months," it will be presumed to be permanent. The ailment from which plaintiff is suffering falls within the latter classification. The very nature of plaintiff's condition makes it impossible to determine whether it would totally disable plaintiff permanently, unless sufficient time elapses, which this policy fixes at six months. There might be a marked improvement within that period, and in that case, what appeared at the beginning to

be a permanent disability would prove to be but temporary. It is for that reason that disability provisions in life insurance policies almost generally, although variously, provide that a total disability shall not be presumed to be permanent unless it has continued for a stated time.

Therefore, plaintiff could not submit proofs to the company that he was suffering from a presumably total and permanent disability until six months had expired from July 18, 1931. The earliest time when plaintiff could make his claim was on January 18, 1932. Plaintiff actually wrote to defendant on February 4, 1932. Although plaintiff's communication was sent a few days after six months had passed, yet the fact that he waited six months before he notified the company of his claim establishes that plaintiff himself understood that he could not assume, within the six months, that his total disability would be permanent.

This brings us to the decisive point. The policy provides that: "*If due proofs shall be received* at the Home Office of the Company * * *, the Company will, during the lifetime of the insured and while such total disability continues, waive each *subsequent premium* hereunder as it shall become due, and, *beginning at the date of such proof* of disability, will pay to the insured * * *."

There can be no logical dispute about the meaning of the above provisions. In the first place, the face of the policy states that the monthly payments will be made "under the provisions of section 21 hereof." Reference to section 21, which is found on page 3 of the policy, is thereby expressly made. And, secondly, the payments, by the exact terms of section 21 (a), are to begin only "*if*" proofs shall be received by the company, and "beginning *at the date* of the receipt" thereof. Also, the premiums which the company will waive are those that are "*subsequent*" to the receipt of proofs.

It follows that defendant was under no obligation to make any benefit payments, or to waive any premiums, until February 17, 1932, which was the date when it received plaintiff's claim. Plaintiff's right did not accrue until said date. The receipt of proofs of claim by the company is a condition precedent to the liability of the company to make benefit payments. The payments and the waiver of the premiums are not dependent upon the existence of presumptive permanent disability, as a physical fact, from the date of its commencement. What imposes liability, and grants a corresponding right, is the actual receipt of proofs of the disability as presumably permanent, upon the ground that it has continued for six months. If no such proof were ever furnished, the company's said liability would never begin. (*Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489; 52 S. Ct. 230; 76 L. Ed. 416.) The recent case of *Perlman* v. *New*

*York Life Ins. Co.* (234 App. Div. 359), decided by the Appellate Division, First Department, on January 15, 1932, is a direct authority upon the propositions involved at bar. (See, also, *Ginell* v. *Prudential Ins. Co.*, 237 N. Y. 554, revg. without opinion upon the dissenting opinion in the Appellate Division, Third Department, 205 App. Div. 494.)

Judgment is hereby granted in favor of defendant.