SAMUEL J. BERG, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District, December 29, 1933.

*Carl Blank*, for the plaintiff.

*Alexander & Green*, for the defendant.

SWEEDLER, J.  This is an action for disability benefits under two policies of insurance issued by the defendant on the life of the plaintiff.  The parties have submitted their controversy upon an agreed statement of facts, the pertinent parts of which are as follows: " B. That on March 9th, 1933, plaintiff became *totally* disabled and such disability continued and became presumptive *permanent* disability on June 9th, 1933, and such total *and* presumptive permanent disability continued and was existing at the time of the institution of this action."  " E. That the only question for the Court to decide is, as to whether the plaintiff is entitled under the terms of the policies to benefits for the full period of disability [three and one-half months], or only for the time accruing subsequent to the expiration of three months."

The determination of the question presented depends solely upon the meaning of the contracts of insurance.  Each policy contains the following provisions: " If the insured becomes wholly *and permanently* disabled  *  *  *  the Society will waive *subsequent* premiums and pay to the insured a disability-annuity of twenty dollars a month, subject to the terms and conditions contained on the third page hereof."

On the third page it is provided:

" (I) Disability benefits  *  *  *  shall be effective *upon receipt of due proof*  *  *  *  that the insured became totally *and permanently* disabled by bodily injury or disease  *  *  *, in which event the Society will grant the following benefits:

" (a) Waive payment of all premiums  *  *  *  falling due *after* the receipt of such proof and during the continuance of such total and permanent disability; and

" (b) Pay to the insured a monthly disability-annuity as stated on the face hereof; the first payment to be payable *upon receipt of due proof* of such disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability.

" Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present *and has existed continuously for not less than three months;* and, further, the entire and irrecoverable loss of sight of both eyes, or the severance of both hands at or above the wrists, or of both feet at or above the ankles, or of one entire hand and one entire foot, will of themselves be considered as total and permanent disability within the meaning of this provision."

According to the above-quoted provisions, it is clear that, in order for the plaintiff to be entitled to disability benefits, he must be

totally *and permanently* disabled. Total disability, while it is temporary, does not create any liability on the company. At this point it is to be noted that the policies divide " total and permanent disability " into two classes. The entire and irrecoverable loss of sight, or the severance of both hands, etc., in and of themselves conclusively establish permanent total disability. Any other affliction, " when it is present and has existed continuously for not less than three months," will be presumed to be permanent. The ailment from which plaintiff is and has been suffering (a fractured leg) clearly falls within the latter classification. It could not have become presumably permanent until it had existed for three consecutive months. Until such time, plaintiff could not submit due proof. The earliest date, therefore, upon which plaintiff became entitled to the payment of benefits was June 9, 1933, three months after the injury was sustained.

This brings us to the point in issue. It is plaintiff's contention that, regardless of the necessity for the expiration of three months before he could claim benefits, once that period has elapsed and the presumptive permanency established, he became entitled to benefits from the date of actual commencement of the total disability. In support of his contention, he urges the general rule that policies of insurance are to be most strongly construed against the insurer. This rule, however, is applicable only where the meaning of the language used is ambiguous. (*Marcus* v. *United States Casualty Co.*, 249 N. Y. 21, 24.) It is not a rule with which to impose liability regardless of reasonableness. As stated by CRANE, J., in *Aldrich* v. *N. Y. Life Ins. Co.* (235 N. Y. 214, 224), "A construction which makes the contract fair and reasonable will be preferred to one which leads to harsh and unreasonable results."

It is true that there is no express provision that disability benefits are to begin at the end of the three months, but an analysis of the entire scheme of the policies leads to a necessary implication of such provision. They provide for benefits " if the insured become wholly *and permanently* disabled." According to express provision, the injury from which plaintiff is suffering could become presumptively permanent only after three months have expired, and in that event the company undertakes, upon receipt of due proof, to waive *subsequent* premiums and to pay disability benefits. Reading these provisions " so as to make the scheme of the policy reasonable " (*Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24, 28), they indicate an intention not to be liable for any payments during that three-month period.

The construction adopted is in accordance with decisions in other cases. It has been held that where disability ceased after the expiration of the designated period, no recovery can be had

at all. (*Mackenzie* v. *Equitable Life Assurance Soc.*, 139 Misc. 288; affd., 140 id. 655.) In affirming the judgment, the Appellate Term of the First Department states: " The policy does not contemplate payment of benefits to the assured for temporary disability. The clause providing that ' total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months ' was clearly intended to extend to the assured the benefits of the policy when doubt existed as to whether the disability was permanent. The plaintiff's admission that he had recovered from his disability at the time he presented his claim is, therefore, fatal to his cause of action." Similarly, where disability did not cease, no recovery was permitted for the three-month period. (*Perlman* v. *New York Life Ins. Co.*, 234 App. Div. 359; *Corbett* v. *Phœnix Mutual Life Ins. Co.*, 144 Misc. 872.)

In the *Perlman* case the policies likewise contained the provision that total disability would not become presumably permanent until it lasted for three consecutive months. The company was willing to pay only such benefits as accrued after the expiration of that period. In upholding that contention, the court states (at p. 361): " Total disability did not in fact become presumably permanent until after it had lasted for three consecutive months. Defendant was not obligated to pay any benefits prior to * * * the date of receipt of due proof. * * * Plaintiff claims that the disability clause is ambiguous, and that the policies do not clearly state that disability payments commence only from the receipt of proof. We do not find any ambiguity; and, therefore, are not called upon to make a choice of interpretation. It would strain the terms of the policies to hold that defendant is obligated to pay disability benefits for the period of three months prior to the receipt of proof."

Plaintiff attempts to distinguish the cases cited upon the ground that there the clause read " *beginning at the date* of receipt of such proof of disability " the company will pay, etc., whereas in the case at bar the clause reads, " disability benefits shall be *effective upon receipt* of due proof." This is a distinction without a difference, for given their ordinary connotation the words used have the same meaning. Plaintiff further argues that to the words " the first payment to be payable upon receipt of due proof " should be added the words " for a period accruing prior to the date of receipt of such proof." A sufficient answer to such contention is that " We are not at liberty to revise while professing to construe." (CARDOZO, J., in *Goldstein* v. *Standard Accident Ins. Co.*, 236 N. Y. 178, 183.)

In view of the foregoing, the plaintiff is entitled to recover from the defendant the sum of twenty dollars covering the benefits he is entitled to for the period after the expiration of the three months. Five days stay of execution.