PHILIP LEVITT, Plaintiff, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Warren County, March 14, 1934.

*Silverman & Silverman*, for the plaintiff.

*Brackett & Eddy* [*Spencer B. Eddy* and *Francis E. Dorsey* of counsel], for the defendant.

ROGERS, J. In view of the stipulation of the parties that the policy lapsed prior to filing with the company due proof of the claim of total disability the question for decision is whether or not the monthly payments provided for by the policy may be enforced in a case where the inception of the total disability occurred while the policy was in full force.

The plaintiff contends that the defendant cannot take advantage of the stipulated fact that the policy had lapsed because it did not plead forfeiture as an affirmative defense, and allege that the notice required by section 92 of the Insurance Law was duly and timely served. (*Fischer* v. *Metropolitan Life Ins. Co.*, 167 N. Y. 178; *Howell* v. *Hancock Mut. Life Ins. Co.*, 107 App. Div. 200; *Liesny* v. *Metropolitan Life Ins. Co.*, 147 id. 253.)

The plaintiff may waive on the trial the failure of the defendant to make the necessary allegations regarding forfeiture and notice in its answer. (*Stewart* v. *Home Life Insurance Co.*, 146 App. Div. 709.) The plaintiff, by stipulating that the policy had lapsed, impliedly agreed that the requirements of section 92 of the Insurance Law to effect a forfeiture had been observed.

The courts in a majority of the States have held that the filing of proof of disability pursuant to the explicit stipulated requirements of the policy is a condition precedent to the vesting of benefits under the disability clause. And that, as here, if the requirements are that the policy must be in full force and effect with all premiums due paid when the proof is furnished, there may be no recovery for such benefits unless the filing of the proof takes place when these conditions precedent exist. (*Perlman* v. *New York Life Ins. Co.*, 234 App. Div. 359; *Corbett* v. *Phœnix Mutual Life Ins. Co.*, 144 Misc. 872.)

In *Ginnell* v. *Prudential Insurance Co.* (205 App. Div. 494; revd., 237 N. Y. 554, upon the dissenting opinion of Justice VAN KIRK) Justice VAN KIRK says: " Under the terms of the policy the premium is to be waived and payment made if due proof to the company of the total permanent disability be made. The payment is not dependent upon actual total permanent disability, but on

proof of such." Or, as applicable to the present case, the policy required as a condition of payment, not permanent disability alone, but due proof thereof during the lifetime of the policy.

The Supreme Court of the United States, in *Bergholm* v. *Peoria Life Ins. Co.* (284 U. S. 489), in a case involving similar language to that in the case at bar, and similar circumstances, said (at p. 491): " Long prior to the death of the insured, the policy, therefore, had lapsed * * *. There is evidence in the record from which it reasonably may be found that the insured was totally and permanently disabled from a time before the premiums first became in arrears, * * * but no proof thereof was furnished to the company. * * * the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof."

The highest court in Pennsylvania (*Brams* v. *New York Life Ins. Co.*, 299 Penn. St. 11; 148 Atl. 855), in a case involving very similar language to that in the policy here, says (at p. 14), " there must be presented to the company proof before default."

Similar reasoning may be found in the decisions of the courts in Alabama, Georgia, Illinois, Kansas, Minnesota, Mississippi, Oklahoma, Tennessee and others. While there are no cases directly in point in New York, there have been a number of recent decisions involving cases where it was sought to collect for benefits arising prior to the filing of the proof, in each one of which, under similar reasoning, the New York courts have held that the filing of proofs was a condition precedent to the maintenance of the action. These cases are: *Corbett* v. *Phœnix Mutual Life Ins. Co.* (144 Misc. 872); *Perlman* v. *New York Life Ins. Co.* (234 App. Div. 359); *Yohalem* v. *Columbian National Life Ins. Co.* (136 Misc. 748); *Gottlieb* v. *New York Life Ins. Co.* (Id. 194); *Kasarsky* v. *New York Life Ins. Co.* (145 id. 732).

In the latter case the court, stating the undoubted rule, says: " The contention that the delay in filing a claim was due to the ignorance of the plaintiff as to his rights under the policy terms cannot avail the insured."

The reason for the rule is not only the inviolability of contracts (*Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489), but the reasonableness of such notice provision lies in the prevention from fraud and the importance to an insurance company in knowing the extent of its liability on outstanding policies. If the rule were that claims could be presented after the policy lapsed the door would be wide open to persons with spurious claims and a company would be

unable to determine the extent of its liability on lapsed policies.

The rule has been modified in some States where the courts have created an exception if the insured became permanently disabled and totally incapacitated from giving notice and filing proof of his disability. In such case, some courts have held that the rule would be harsh and unreasonable, and, notwithstanding the plain words of the policy, such construction was not intended when the contract was made. (*Swann* v. *Atlantic Life Ins. Co.*, 156 Va. 852.) There is nothing, however, in the stipulated state of facts here to the effect that the plaintiff was incapacitated from filing with the company due proof of permanent disability.

The provisions in the policy as to permanent disability benefits appear under a caption in large type as follows: " Provisions as total and permanent disability before attaining 60 years of age: waiver of premiums, twelve monthly installments without deduction from insurance."

In the following paragraph, entitled " Waiver of Premiums," it is provided that " If the Insured  *  *  *  shall furnish due proof to the Company, while this Policy is in full force and effect *and while there is no default in the payment of premium*, that he,  *  *  * shall have become permanently disabled  *  *  *  the Company *  *  *  will waive the payment of any premium  *  *  * during such disability."

In the succeeding paragraph, entitled " Monthly Payments," it is provided: " The Company will, in addition to such waiver of premium, pay to the Insured an amount of $20 per month  *  *  * if, while the policy is in full force, the Insured  *  *  *  becomes totally and permanently disabled as above defined."

The two paragraphs differ in that the condition precedent contained in the " Premium Waiver " paragraph to the effect that there must be no default in the payment of premium is not repeated in the " Monthly Payment " paragraph.

Plaintiff contends that, while the default in the payment of premium might defeat a waiver of the payment of premium, such failure to pay a premium due, standing alone, does not prevent recovery for " Monthly Payments;" that the words in the " Monthly Payments " paragraph, " In addition to such waiver of premiums," do not operate to carry forward, as a condition to the payment of " Monthly Payments," the words in the preceding paragraph, " while there is no default in the payment of premium;" that the words " in addition to " relate to the waiver of premiums and not to any condition precedent to such waiver of premiums.

The caption and the two paragraphs following should be read together to ascertain the intention of the parties. Considering all

of the provisions together it seems clear that the benefits available to the insured from total disability accrued only if the conditions precedent, (1) furnishing due proof while the policy was in full force and effect, and (b) no default in the payment of premium, obtained. Even if the failure to pay the premium does not affect the " Monthly Payments " provision, the condition contained in the " Monthly Payments " paragraph, " while the policy is in full force," defeats plaintiff's right to recover.

The defendant is entitled to judgment dismissing the complaint, with costs.