## MARSHALL v. EQUITABLE LIFE ASSUR. SOC.

### No. 8401.

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1941.

Milton M. Maddin, of Detroit, Mich. (David I. Hubar and Milton M. Maddin, both of Detroit, Mich., on the brief), for appellant.

Fred Glover, Jr., and William J. Shaw, both of Detroit, Mich. (Miller, Canfield, Paddock & Stone, of Detroit, Mich., on the brief), for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The appellee insurance company on January 8, 1923, issued to appellant's intestate a policy of life insurance embracing a front page promise that "if the Insured becomes wholly and permanently disabled before age 60, the Society will waive subsequent premiums and pay to the Insured a Disability-Annuity of One Hundred Fifty Dollars a month subject to the terms and conditions on the third page hereof."

On the third page, the policy provided: "Disability benefits before age 60 shall be effective upon receipt of due proof, * * * that the Insured became totally and permanently disabled by bodily injury * * * before its anniversary upon which the Insured's age at nearest birthday is 60 years. * * *"

The contract of insurance stipulated that "total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months. * * *"

The policy held out to the assured lesser benefits, should he become totally and permanently disabled "after attaining age sixty"; and contained the further provision that "disability shall be deemed to be total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation, etc."

On December 24, 1935, six days before the anniversary date of the policy nearest his sixtieth birthday, the insured was seriously injured in an automobile accident. From the date of his injury, he was unable to engage in any occupation. He died on August 9, 1938.

Holding that, within the meaning of the policy, the total and permanent disability of the assured commenced, *not* on the date of the accident, December 24, 1935, but on a date three months thereafter, March 24, 1936, the District Court limited recovery in this action to over-age sixty benefits. We think the trial judge erred.

The expression of a presumption that total disability is permanent after its continuous existence for three months does not exclude the right to show that the effective time of the commencement of assured's total and permanent disability was *actually concomitant with the accident.* Manifestly, the presumption clause was inserted in the policy not to the detriment of the assured, but as a means of lightening his burden of proof of disability.

The assertion that the disability benefits "shall be effective upon receipt of proof" that total and permanent disability befell assured before age sixty is not equivalent to a statement that the insurer shall not be liable for the first three months of such disability, or shall not have the basis of its liability for disability benefits fixed as of the date of actual total and permanent disability. It seems clear from the policy that the disability benefits to which assured would be entitled must be established by the event of total and permanent disability. The maturity of the time for paying assured for his first three months' disability is merely postponed until the furnishing of the required proof. In our judgment, this is the correct interpretation of the terms of the policy.

It would seem that the District Court over-stressed the importance of the one-judge opinion in Berg v. Equitable Life Assur. Soc., 149 Misc. 856, 269 N.Y.S. 375, 377, construing the same policy clause here involved. We cannot agree with the pronouncement of the New York Court that *despite the fact that the policy contains no express provision that disability benefits shall begin at the end of three months,* "an analysis of the entire scheme of the policies leads to a necessary implication of such provision." By our reasoning, the reverse is true.

It is settled law that if an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men would honestly differ as to the meaning of the contract, the construction most favorable to the insured should be adopted. Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452,

462, 463, 14 S.Ct. 379, 38 L.Ed. 231; Thompson v. Phenix Ins. Co., 136 U.S. 287, 10 S. Ct. 1019, 34 L.Ed. 408; Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 322, 48 S.Ct. 512, 72 L.Ed. 895.

In addition to Berg v. Equitable Life Assur. Soc., supra, the District Judge cited four cases in support of his conclusion. Corbett v. Phoenix Mutual Life Insurance Co., 144 Misc. 872, 259 N.Y.S. 221; Perlman v. New York Life Insurance Company, 234 App.Div. 359, 254 N.Y.S. 646; Mackenzie v. Equitable Life Assurance Society, 140 Misc. 655, 251 N.Y.S. 528; Mutual Life Insurance Company of New York v. Wheatley, 243 Ky. 69, 47 S.W.2d 961.

In the first case on the list, the undertaking of the insurer was unequivocal that *beginning at the date of receipt of proof of disability* the insured would be paid a stipulated monthly income. In the second case listed, the policy under construction expressly declared that in no event should disability benefits "relate back prior to three months from the commencement of total disability." [234 App.Div. 359, 254 N.Y.S. 648.]

The third case, supra, [140 Misc. 655, 251 N.Y.S. 529], recognized that a clause which provided that total disability should be presumed to be permanent after continuous existence for three months "was clearly intended to extend to the assured the benefits of the policy when doubt existed as to whether the disability was permanent"; but held that plaintiff's admission of his physical recovery at the time of his claim defeated his action.

The last case cited by the trial court is also plainly differentiable, for the reason that the Kentucky court was asked to construe a policy containing a proviso that total disability for a continuous period of not less than ninety days should *"during its further continuance,* be presumed to be permanent." [243 Ky. 69, 47 S.W.2d 962.]

Thus, it becomes apparent that these four cases relied upon by the District Judge do not involve the same policy provisions as those presented for interpretation in the case at bar. And the same may be said of Orr v. Mutual Life Insurance Company of New York, 8 Cir., 64 F.2d 561, urged upon us by appellee.

Much confusion and apparent conflict in the law of insurance has resulted from unwise attempts to extend case-system jurisprudence beyond practicable and reasonable limits. Where policy clauses differ,' eyestrain to perceive resemblances often weakens vision for essential differences.

We shall, therefore, rest content to cite for comparison, without discussion, a few cases, distinguishable on facts but grounded in reasoning deemed similar in various aspects to our own in the instant case. Upon such terms, consult: Minnesota Mutual Life Ins. Co. v. Marshall, 8 Cir., 29 F.2d 977, 978; Lydon v. New York Life Ins. Co., 8 Cir., 89 F.2d 78, 81; Kingsford v. Business Men's Assurance Co., 57 Idaho 727, 68 P.2d 58; Hablutzel v. Home Life Ins. Co. of New York, Mo.App., 52 S.W.2d 480; Mutual Life Ins. Co. of New York v. Smith, 257 Ky. 709, 715, 716, 717, 721, 79 S.W.2d 28.

In the court below, a jury was waived and the District Judge tried this case upon a stipulation of facts, without the intervention of a jury. We are, therefore, at liberty to follow the course adopted in United States for Use of John Davis Co. v. Illinois Surety Co., 7 Cir., 226 F. 653, 664.

Accordingly, the District Court is directed to enter judgment for the plaintiff in the amount of five thousand, eight hundred and five dollars and ninety cents ($5,805.90), with interest from July 27, 1939, the date of entry of the erroneous judgment below.