## STATE LIFE INS. CO. v. FANN.
### (No. 2435.)

(Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1925. Rehearing Denied
March 11, 1925.)

1. **Insurance ⬳362—Policy held not forfeited by nonpayment of premium note before maturity when insured became insane.**

Insured, who became insane before maturity of last premium note, was relieved from paying note by policy provision that, on receipt of notice of total disability, company would waive payment of subsequent premiums, and policy was not forfeited because of failure to notify company before maturity of note, though, in absence of disability provision, such failure would forfeit policy.

2. **Appeal and error ⬳218(2)—Issue not submitted to jury not considered on appeal.**

Issue not submitted to jury could not be considered on appeal, in absence of request for its submission.

Appeal from District Court, Lubbock County; Parke N. Dalton, Special Judge.

Action by Virginia Akers Fann against the State Life Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Robt. H. Bean and Bean & Klett, all of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

RANDOLPH, J. This suit was filed by Mrs. Fann, as plaintiff, against the State Life Insurance Company, as defendant, upon a life insurance policy issued by defendant upon the life of Marvin Price Fann. Judgment in the trial court was rendered for plaintiff, and from this judgment appeal is taken to this court.

The following statement is taken from appellant's brief:

"This appeal is based on the principal contention that the life insurance policy sued on was forfeited for nonpayment of one of the premium notes.

"Suit was filed by Virginia Akers Fann, beneficiary, against the State Life Insurance Company of Indianapolis, Ind., upon a life insurance policy issued upon the life of her husband, Marvin Price Fann, the plaintiff alleging that the policy was issued December 20, 1920, for the sum of $2,000, in consideration of the sum of $84.02 paid in advance on delivery of the policy, 'and of the payment of a like sum on or before the 20th day of December in each year' thereafter; that 'said policy provided that if the insured became wholly and permanently disabled by bodily injury or disease so that he is and will be permanently, continuously, and wholly prevented thereby from performing any work for compensation or profit or from following any gainful occupation, the company would waive the payment of premiums thereafter becoming

due'; that the insured died November 6, 1923, at Norman, Okl.; that on April 1, 1922, he was suffering with a mental disability that prevented him from performing work for profit or compensation; that the company refused to pay after notice given; and that the insured had employed attorneys and was entitled to recover $2,000 principal, 12 per cent. penalty and $750 attorney's fees.

"The defendant filed the usual general demurrer and general denial, and especially alleged that the policy was issued in consideration of the payment of annual premium in advance on or before the 20th day of December of each year, 'whereby the continued validity of said policy on and after December 20th, 1921, was conditioned upon the payment of said premium on or before said date; and that on or about said date the insured and the defendant mutually entered into a written contract wherein and whereby the defendant accepted $9.02 in cash and three notes for the sum of $25 each, due 2, 4, and 6 months thereafter, respectively, with the absolute agreement and upon the express agreement that none of said notes was given or accepted as payment of premium due December 20, 1921, but "that the nonpayment of any of said notes or any extension thereof at maturity shall ipso facto lapse said policy," and that such nonpayment of any of said notes at maturity would ipso facto terminate all rights under said policy; that the note aforesaid due June 20, 1922, was never paid, and that said policy aforesaid and all rights thereunder terminated on the nonpayment of said note due June 20, 1922.'

"As a further defense, the company alleged that in keeping with the forfeiture of said policy and the termination of all rights thereunder, the company notified the insured on or about August 23, 1922, that said policy had lapsed on account of nonpayment of the note due June 20, 1922, and a check for $17.01 covering the unearned part of the payment made on the premium notes was forwarded to the insured and cashed by him in August of the year 1922, whereby all rights of the insured and of the plaintiff were forfeited, rescinded, and canceled.

"By way of confession and avoidance, defendant alleged that if there was a disability, as claimed by plaintiff, the company had no notice thereof, as required by the policy, but, on the contrary, the insured and the beneficiary both certified and represented to the company on or about July 6, 1922, that the insured was then 'in good health and free from every ailment and complaint,' and, then and therein declared that the insured had not 'had any injury, sickness or ailment of any kind,' and that he had not 'consulted or been prescribed for by any physician or received any medical treatment' since the date of his (insured's) original application on which said policy was issued, except that Dr. P. A. Taylor dressed a sore on his shin caused by a bump against a piece of wood, but which was then well; that the defendant believed and relied upon said certificate and representation, which were false and misleading, if it be true that the insured was suffering from any disease whatever at or prior to said time; that if there was any waiver of forfeiture or reinstatement of the policy, which is not admitted but expressly denied, the same was obtained by

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

false and misleading statements and not binding upon the defendant."

The court submitted the case to the jury upon one special issue, which is as follows:

"Was Marvin Price Fann, on and after June 20, 1922, to date of his death, wholly, permanently, and continuously disabled by disease to such an extent that he was thereby prevented from following any gainful occupation whatsoever? Answer yes or no."

The jury answered this question, "Yes," and the trial court thereupon rendered judgment for plaintiff as prayed for.

[1] As stated above, the principal contention in this case is that the life insurance policy sued on had been forfeited for nonpayment of a premium. Appellant contends that the insured having given his notes in lieu of the premium, and the notes not having been paid, such failure to pay the notes on their maturity forfeited the policy. Appellant further contends that as no proof of any disability of insured was furnished to the defendant before the date of the maturity of said note, as required by the disability clause inserted in the policy by the defendant to the effect that "upon receipt at its home office of due proof of such disability," it would waive payment of premiums "thereafter" coming due, and that such provision requiring such proof not having been complied with, that plaintiff is not entitled to the benefit of such disability clause.

The evidence amply supports the finding of the jury upon the issues submitted to them, and the controlling question for our consideration and one absolutely decisive of the case, is: Did the insured's failure to notify the defendant of his disability deprive his beneficiary of the right to claim the benefit of the disability clause in the insurance policy? That clause is as follows:

"Total and Permanent Disability.

"If the insured, after paying at least one full annual premium, and before default in the payment of any subsequent premium, and before attaining the age of sixty years, shall become wholly and permanently disabled by bodily injury or by disease so that he is or will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, or from following any gainful occupation, the company, upon receipt at its home office of due proof of such disability of the insured as may be required by the company, will grant the following benefits: First. Will waive payment of premiums thereafter becoming due. Second. In addition will pay to the insured a monthly income equal to all the original amount of insurance (exclusive of any accidental death benefit). The first monthly payment will be made upon said proof of disability as above provided, and the subsequent

monthly payments will be made on the first day of each month thereafter, during such disability."

At the time the premium note came due, and prior thereto, the insured had become insane. Did his failure to notify the company of his disability bar a recovery on the policy? We think not. The time for the payment of the premium having been extended by the company by the acceptance of the note of the insured, such extended time of payment cannot be considered as a matter of grace, but must be held to be a matter of right, based on contract. The insurance company did not, in accepting the insured's note, reserve the right to cancel the policy at any time it saw fit, pending the maturity of the note, but bound itself to extend the time of payment to the due date of the note. Of course, upon the failure to pay the premium note when due, such failure was equivalent to a failure to pay the premium, and would work a forfeiture of the policy (Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S. W. 585), except for the provisions of the disability clause above quoted. The Texarkana Court of Civil Appeals, in the case of Merchants' Life Ins. Co. v. Clark, 256 S. W. 969, holds:

"It did not appear from the forfeiture clause, or any other part of the policy, that the proof, request, and waiver referred to must have been made before the expiration of the 31 days specified. On the contrary, the time within which the insured was to make such proof, etc., was not limited by anything in the policy."

And further held:

"(1) That the provision in the policy that appellant was to waive the payment of premiums while the insured was disabled, within the meaning of the policy, operated, the insured being so disabled, to relieve him of the necessity of paying the premium in question within the time specified in the policy."

Under the authority of this case, the Supreme Court having refused an application for writ of error, we hold that the life insurance policy sued on in this case was not forfeited by the failure of the insured to pay the premium note in question, or to notify the company of his disability.

[2] There was no issue submitted to the jury involving the question as to whether the insured, at the time of the issuance of the policy, was in "good health and free from every ailment and complaint," and defendant did not request the submission of such issue to the jury; hence it cannot now raise such question.

We therefore overrule appellant's assignments of error and propositions and affirm the judgment of the trial court.