## MID-CONTINENT LIFE INS. CO. v. HUBBARD.

### No. 8487.

Court of Civil Appeals of Texas. San Antonio.
Nov. 5, 1930.

Rehearing Denied Dec. 3, 1930.

Hicks, Hicks, Dickson & Bobbitt and Fred H. Sims, all of San Antonio, and Rittenhouse, Lee, Webster & Rittenhouse, of Oklahoma City, Okl., for appellant.

·Spencer, Rogers & Lewis and L. L. Morrison, all of San Antonio, for appellee.

SMITH, J.

On January 13, 1927, appellant life insurance company issued its policy upon the life of Claude Dowel Hubbard, who paid the first annual premium thereon at the time. The second annual premium was due and payable on January 13, 1928, subject to the usual 31 days' grace, at the expiration of which, under the terms of the contract, said premium became due, absolutely, and it was provided that in case of default in such payment on or before the expiration of said grace period the policy should lapse. During said period, however, on February 6, 1928, in consideration of a small cash deposit, and the execution and delivery to the company of his promissory note (designated in insurance parlance as a "blue note") payable on May 13, 1928, Hubbard obtained an extension of the premium obligation until said date. Before the maturity of the note, on February 15, Hubbard became totally and permanently disabled, and as a result of the disability died on May 27, of the same year. In contemplation of this sort of contingency, it was provided in the insurance contract that:

"After one full annual premium shall have been paid upon this Policy and before a default in the payment of any subsequent premium, if the Insured shall furnish the Company with due proof that he has since such payment * * * become wholly disabled, * * * then

"1. Waiver of Premium: Commencing with the anniversary of the policy next succeeding the receipt of such proof, the Company will on each anniversary waive payment of the premium for the ensuing insurance year."

Upon the refusal of the company to pay the amount of the policy after insured's death, appellee, G. B. Hubbard, as administrator of the insured's estate, brought this action upon the policy and to recover judgment for principal and penalties provided for in the policy.

Appellant contested the suit, alleging, as stated in its brief:

"(1) that the policy automatically ceased to be a claim against it on May 13, 1928, claiming that the same had lapsed and terminated on said day because of the non-payment of premium, (2) denying the total disability of the insured, (3) denying that the insured was relieved of furnishing proof of disability, (4) alleging that the waiver of premium payment provided for in the policy was a premium commencing with the anniversary of the policy next succeeding the receipt of proof of disability, which in this case would be the premium due January 13, 1929, and (5) offered to return the blue note for cancellation and requested the return of the insurance policy for cancellation."

It is conceded that the insured was in default upon his blue note at the time of his death, but payment thereof was tendered by appellee upon the trial of the cause.

It is also conceded that insured did not give appellant notice of his disability, but shortly after his death such notice was given by appellee. The trial court found that insured's failure to make proof of his disability was due to his incapacity to do so, and that this fact relieved him of that obligation.

As has been seen, it was stipulated in the policy that after payment of the first annual premium and before default in the payment of any subsequent premium, if the insured should furnish the company with due proof that he has since such (first) payment become wholly disabled, then "commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will, on each anniversary, waive payment of the premium for the ensuing insurance year." It is conceded that insured had paid the "first annual premium," wherefore that condition in said stipulation had been met. Nor was insured in "default in the payment of any subsequent premium" at the time his disability arose, since the company had agreed to extend the time of payment of the renewal premium to a date beyond that time. So, that condition of the waiver clause was also met. The next condition, that the insured should furnish the company with due proof that he had since such first payment become disabled, was not met, literally. This default was due to insured's disabled condition, and the trial court properly held that this contingency excused him from performing that condition. Ins. Co. v. Le Fevre (Tex. Civ. App.) 10 S.W. (2d) 267, writ dismissed; approved in Bank v. Ins. Co., 160 Tenn. 551, 26 S.W.(2d) 135; Ins. Co. v. Clark (Tex. Civ. App.) 256 S. W. 969 (writ refused); Ins. Co. v. Fann (Tex. Civ. App.) 269 S. W. 1111 (writ refused). So, all the conditions were therefore met requiring the company "on each anniversary of the policy" to "waive payment of the premium for the ensuing insurance year." Thus we approach the controlling factor in the case, to wit: The construction of that waiver clause, as applied to the peculiar facts of the case made.

The policy was dated and issued on January 13, 1927. The first anniversary of that date was on January 13, 1928; the next was on January 13, 1929. The insured's disability was incurred between the last two dates, on February 15, 1928. Looking solely to those dates, the waiver clause would be construed to apply to the premium due on January 13, 1929, since that was the anniversary of that date "next succeeding" the date of insured's disability. Under that construction the waiver would not apply to the premium for the second year, which normally matured on January 13, 1928, and but for the extension of the time of its payment would have become due, absolutely, 31 days after said date. But the waiver must be construed, not technically, or

solely by its own language, but with reference to the whole policy and all its provisions, as well as to the peculiar facts of the case. And it must be construed liberally towards avoiding a forfeiture and effectuating its purpose, to wit, the payment of the amount stipulated, at the death of the insured during the life of the policy. Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650.

The contingency which was intended to put the waiver in operation was the disability of the insured. That contingency actually happened while the policy was in full force, at a time when no premium was due, and under circumstances which excused the insured from the obligation to give the company notice. By this combination of events the company became obligated to waive payment of subsequently accruing premiums. Should this waiver apply to the premium for the second year, payable by the original agreement on January 13, 1928, but the maturity of which had been postponed by agreement of the parties to May 13, 1928? If so, the company was obligated to pay the policy at the death of the insured. But if the waiver related to payment of the premium for the third year, maturing January 13, 1929, then appellant's defense is good, since that would leave the blue note, covering the second year's premium, past due and unpaid, and its payment not waived, at the time of the insured's death. It is upon that construction that appellant rests its defense.

We think the construction insisted upon by appellant is unreasonable and contrary to the intention of the parties as manifested by a rational survey of the whole contract. Obviously, that intention was that in event the insured be injured or fall ill, and as a consequence unable to carry on his business or affairs, he would be relieved of the obligation to pay any premiums subsequently to become due, so long as he was incapacitated by his disability; that if he became incapacitated his income would cease, and his resources, if any, be required to sustain him in his illness; wherefore, his payment of insurance premiums should cease. Such was the obvious intention of the parties, gathered from the four corners of the contract. But when, at what juncture in the relation of the parties, should this suspension of payments begin? Should it operate upon the payment of the premium next due, or should it be postponed to the second such premium to become due? Obviously it was the intention that the moratorium begin at once upon the happening of the direful contingency which was to set it in operation; or, at most, within a reasonable time thereafter, since the requirement of prior proof of loss had been eliminated from the case. More obviously still was it the intention that the waiver should operate upon the annual premium next due, that it was not

to pass around that premium and seize upon the second one to become due.

Appellant stresses the language of the waiver clause by which it is provided that in the contingency which happened here, then "commencing with the anniversary of the policy next succeeding the receipt of proof the company will on each anniversary waive payment of the premium for the ensuing insurance year." Appellant argues very ably that the word "anniversary" must be given controlling significance in construing this clause, and insists that the obligation to waive could not become operative until the next anniversary date of the policy, January 13, 1929, or upon any premium except that for the third year, which would have become due on said date. But we think that the constrution inconsistent with the obvious intention of the parties as disclosed by the contract, when viewed in the light of the case made here.

For here, by express agreement, the premium for the second year did not mature prior to the date of insured's disability, or until three months thereafter, and under the terms of that agreement, as expressed in the blue note, "all rights under the policy shall be the same as if the premium had been promptly paid when due." In short, the insured became disabled while the policy was in full force and effect, and this contingency set in operation the waiver which, under a reasonable construction of the policy, was clearly intended to apply to all unpaid annual premiums not then due under the terms of the policy as modified by the solemn agreements of the parties to the contract. Ins. Co. v. Bowen (Tex. Civ. App.) 102 S. W. 163, writ of error refused; Royal Fraternal Union v. Stahl (Tex. Civ. App.) 126 S. W. 920, 921, and authorities previously cited in this opinion.

Judgment is affirmed.