JEFFERSON STANDARD LIFE INS. CO. v. WILLIAMS.

No. 12856.

Court of Civil Appeals of Texas. Fort Worth.

May 27, 1933.

Rehearing Denied June 24, 1933.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Jackson & Street, of Denton, for appellee.

LATTIMORE, Justice.

In 1922 appellee signed and delivered to appellant an application for the insurance

policy sued on, which application recited: "4. Form of Policy—Twenty payment with disability and double indemnity."

The policy provided:

"Total and Permanent Disability.

"If, after one full annual premium shall have been paid on this policy and before default in the payment of any subsequent premium, the insured shall furnish to the Company due proof * * * that he has been wholly and continuously disabled by bodily injuries or disease other than mental and will be permanently, continuously and wholly prevented thereby from pursuing any occupation whatsoever for remuneration or profit, provided, that such total and permanent disability shall occur before the anniversary of the policy on which his age at nearest birthday is sixty years, the Company by endorsement in writing on this contract will agree to pay

"(a) The premiums which shall become payable after the accrual and proof of said disability and during the continuance thereof, and

"(b) Commencing immediately from the acceptance by the Company of the original proofs of disability, provided the Insured is still disabled, a monthly income during the lifetime of the Insured, prior to the maturity of this policy as an endowment or death claim, of one per cent of the face amount of this policy. The amount otherwise payable at the maturity of the policy shall NOT be reduced by any premium or installments paid under the above provisions. If disability is total but not obviously permanent it shall be presumed to be permanent after continuous total disability for three months and the waiver and installments shall accrue from the beginning of the fourth month of such continuous total disability. * * *

"Proofs of continued total and permanent disability shall be furnished as often as required by the Company on forms prescribed by the Company and any medical adviser of the Company shall be allowed to examine the person of the insured in respect to any alleged disability at any time.

"If, however, the Insured fails to furnish due proof or if he recovers so as to be able to engage in any occupation whatsoever for remuneration or profit, the Company's obligation to pay installments or premiums shall cease and the Insured shall resume to payment of premiums on the premium date following such failure or recovery, any premiums or installments already having been paid by the Company NOT being charged as a lien hereon."

Appellee became totally disabled from a paralytic stroke on August 25, 1927, and so

remained for twelve months thereafter. He did not attempt to furnish the appellant any notice of this fact until January, 1932, nor did appellant actually know of said disability until 1932. On a trial with a jury the insured recovered the amount of the twelve installments plus the annual premium paid during such disability.

■ The failure to furnish proof of the disability is a violation of the contract, and we need not repeat the reasoning thereon, such as in Hefner v. Fidelity & Cas. Co. (Tex. Civ. App.) 160 S. W. 330, affirmed 110 Tex. 596, 222 S. W. 966; Travelers' Ins. Co. v. Scott (Tex. Civ. App.) 218 S. W. 53.

■ Nor do we believe that the fact that appellee made the insurance contract when he was nineteen years of age and that the agent of appellant who sold same to him did not tell him of such provision in the contract, and that therefore appellee did not know he had such a right under his contract, furnished legal excuse for the failure to give notice of the disability.

■ Appellee says his contract contains benefits and correlative burdens, neither of which were placed therein with his knowledge. He desires, however, to leave the provisions for benefits in the contract, but asks relief from some of the obligations ancillary to such benefits. To this we do not agree. Aetna Ins. Co. v. Holcomb, 89 Tex. 410, 34 S. W. 915.

The case is distinguishable from those cases where some misrepresentation has been made, upon the truthfulness of which the insured has relied, although a reading of the contract would have disclosed the error, as in Huey v. American Nat. Ins. Co. (Tex. Civ. App.) 45 S.W.(2d) 340; Labbe v. Corbett, 69 Tex. 509, 6 S. W. 808, for in this case the agent is exonerated of any statements or representations as to disability rights provided for in the policy.

Likewise, it is distinguishable from those cases such as Merchants' Life Ins. Co. v. Clark (Tex. Civ. App.) 256 S. W. 969; State Life Ins. Co. v. Fann (Tex. Civ. App.) 269 S. W. 1111; Missouri State Life Ins. Co. v. Le Fevre (Tex. Civ. App.) 10 S.W.(2d) 267; Mid-Continent Life Ins. Co. v. Hubbard (Tex. Civ. App.) 32 S.W.(2d) 701; State Life Ins. Co. v. Barnes (Tex. Civ. App.) 58 S.W.(2d) 189, in which mental or physical disorder rendered the insured incapable of giving any notice to the insurance company. No suggestion of such condition exists in this case. Whatever sympathy we may feel cannot alter the fact that if human affairs are to go forward fairly, the courts cannot place a premium on carelessness or ignorance.

The judgment of the trial court is reversed and here rendered that appellee take nothing.