**STATE LIFE INS. CO. OF INDIANAPOLIS, IND., v. PARRY.**

No. 13241.

Court of Civil Appeals of Texas. Fort Worth. Nov. 15, 1935.

Rehearing Denied Dec. 20, 1935.

William M. Short and James E. Whitmore, both of Fort Worth, for appellant.

J. M. Willis, of Henderson, and Allen & Gambill, of Fort Worth, for appellee.

BROWN, Justice.

Appellee sued appellant to recover disability benefits under a policy of life insurance alleging that since April 1, 1930, he has been permanently, continuously, and wholly prevented from performing any work for compensation or profit, or from following any gainful occupation by reason of disease, and that appellant is obligated to pay him the sum of $50 per month from April 1, 1930, to November 1, 1932.

The provisions of the policy upon which appellee rests his case are as follows:

"Total and permanent disability: If the insured, after paying at least one full annual premium and before default in the payment of any subsequent premium, and before attaining the age of sixty years, shall become wholly and permanently disabled by bodily injury or by disease, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, or from following any gainful occupation, the Company, upon receipt at its Home Office of due proof of such disability of the insured as may be required by the Company, will grant the following benefits:

"First: Will waive payment of premium thereafter becoming due;

"Second: In addition will pay to the insured a monthly income equal to one per cent. of the original amount of insurance (exclusive of any accidental death benefit.) The first monthly payment will be made upon satisfactory proof of disability as above provided, and the subsequent monthly payments will be made on the first day of each month thereafter during such disability."

Appellee made proof of his alleged disability about November 22, 1932.

Appellant paid appellee, regularly, each month, after proof was furnished to it, by appellee, the monthly installment due and payable, under the policy, but he here asks for all monthly payments back of the time he made proof of his disability, and, apparently, relies upon the decisions which permit the waiver of payment of premium to begin with the time of disability rather than with the time of proof of disability made to the insurer.

We do not believe that such decisions are applicable to this case.

Mr. Justice Sutherland in delivering the opinion by the Supreme Court of the United States, in the case of Bergholm v. Peoria Life Insurance Co., 284 U.S. 489, 52 S.Ct. 230, 231, 76 L.Ed. 416, said: "Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof."

The provisions of the policy upon which suit was brought to recover monthly benefits (as in this case) are:

"Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the Company will

"1. Pay for the Insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the Insured and will also

"2. Pay to the Insured a Monthly Income for life of 1% of this Policy; the first payment of such income to be paid immediately upon receipt of such proof."

Much stress is laid upon the decision of the Circuit Court of Appeals, 8th Circuit, in the case of Minnesota Mutual Life Insurance Co. v. Marshall, 29 F.(2d) 977, 979, but that decision has for its sole purpose, as the writer analyzes it, the announcing of the doctrine that, where the insured becomes totally disabled, during the grace period, and dies from the cause of his disability, holding in his hands a policy of insurance with such provisions as are found in the Marshall policy, the courts will construe the policy to mean that the waiver of payment of premiums begins with the disability and not with the making of proof of disability; and that the policy will not be lapsed for failure to pay the premium under such state of facts. But the Marshall Case is not authority to support the case, before us, asking for monthly benefits that have accrued before proper proof of disability has been given the insurer and during the life of the insured, because the opinion states: "A construction making the disability benefits to begin as of the time of proof might be all right where such benefits are sought while the insured is living."

The case of State Life Insurance Co. v. Barnes (Tex.Civ.App.) 58 S.W.(2d) 189, is one in which the waiver of payment of premiums, in accordance with the specific provisions of the contract, is involved, not the collection of disability benefits accrued prior to making proof of disability, to which the stipulation of waiver did not apply. In that opinion the court cites State Life Insurance Co. v. Fann (Tex.Civ.App.) 269 S.W. 1111, but the Fann Case concerns the waiver of payment of a premium, as specifically provided for in the policy, by total disability of the insured occurring before default. The case of Mid-Continent Life Insurance Co. v. Hubbard (Tex. Civ.App.) 32 S.W.(2d) 701, involves the express stipulation of the waiver of a premium.

We are of the opinion that the judgment of the trial court should be reversed and here rendered. Jefferson Standard Life Insurance Co. v. Williams (Tex.Civ. App.) 62 S.W.(2d) 661 (writ refused); Hayes v. Prudential Insurance Co. (W. Va.) 171 S.E. 824; Parker v. Life Insurance Co., 158 S.C. 394, 155 S.E. 617; Jabara v. Equitable Life Assurance Society, 280 Ill.App. 147; Mobley v. New York Life Insurance Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621, 99 A.L.R. 1166; Wick v. Western Union Life Insurance Co., 104 Wash. 129, 175 P. 953; Western & Southern Life Insurance Co. v. Smith, 41 Ohio App. 197, 180 N.E. 749; Northwestern Mutual Life Insurance Co. v. Dean, 43 Ga.App. 67, 157 S.E. 878; Smith v. Missouri State Life Insurance Co., 134 Kan. 426, 7 P.(2d) 65; Berry v. Lamar Life Insurance Co., 165 Miss. 405, 142 So. 445, 145 So. 887; New England Life Insurance Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A.L.R. 1075; Iannarelli v. Kansas City Life Insurance Co. (W.Va.) 171 S.E. 748; Levitt v. Prudential Insurance Co., 150 Misc. 754, 270 N.Y.S. 39.

In the case before us, the insured does not plead when he made his proof of disability, but merely alleges that he made

due proof thereof, and when his evidence is analyzed we find that he waited 32 months before he attempted to furnish proof of his disability, and he neither pleads nor proves any excuse for such delay. Missouri State Life Insurance Co. v. Le Fevre (Tex.Civ.App.) 10 S.W.(2d) 267.

 Appellant specially excepted to the sufficiency of appellee's petition in so far as his allegations of proof of disability are concerned because they do not show "when and on what date, and in what way plaintiff gave notice, or furnished proof to the defendant of his disability."

The trial court overruled the exception, and this is brought before us by proper assignment of error.

The special exception is well taken. Assuredly the appellant was entitled to require appellee to specifically plead when and how he gave notice of his disability and furnished proof thereof to it, in order to properly meet such issue by both pleadings and evidence.

It is true that much more latitude is given the trial court when trying a cause without the intervention of a jury, than when the cause is tried to a jury, but if the pleading is defective and is properly attacked, it should not be permitted to stand, although the cause is tried to the court. But the assignment of error just sustained by us does not require a remand of the cause, for the reasons that the undisputed evidence shows that appellee made no proof of his disability for 32 months after he claims to have suffered such disability, and no excuse for failure to make such proof sooner is pleaded.

We are of the opinion that there is no provision, in the policy before us, with respect to any waiver of notice of disability of the assured, as affects his right to disability benefits, and none is pleaded or proved, independently of the provisions of the policy, and therefore the insured is entitled to the disability benefits only that are provided for in the policy, after he made such proof to the assured.

Accordingly, the former judgment of this court is set aside, and judgment here rendered that appellee take nothing against appellant. Reversed and rendered.

MARTIN, Justice (dissenting).

It will be readily understood that the decision of this case depends entirely upon the construction to be given to the quoted provisions in the policy of insurance issued to the plaintiff below. There was no conflict in the testimony introduced. It showed conclusively that the plaintiff had contracted tuberculosis some time prior to April, 1930; that for a long time he had endeavored to go to his office and do his work. His physician would put him to bed, but when he felt better he would get up and try to perform his usual duties, but that from and after April 1, 1930, he was never able to work at all. But as the days lengthened into weeks and weeks into months, he yet entertained that hope which "springs eternal in the human breast" that he would get well again and get back to his work. It was shown that this hope is one of the peculiar susceptibilities (shall we call it, rather than symptoms?) of the tuberculosis sufferer, and sustains and strengthens him as he fights his grim and losing battle · against the great White Plague. So he kept his insurance paid up, and did not apply for his monthly benefit until November, 1932, when, upon application for his past benefits, he was met by the claim of the defendant company that such benefits did not accrue until after he had filed the proofs called for in the policy of insurance.

This is a most interesting question. Shall the benefits begin, under this contract, from the date of the disability or from the date of the proof thereof? Stated in another form, the question is whether proof of disability is a condition precedent to the liability of the insurer or only a condition precedent to suit on the policy? The decision of the entire case depends upon the proper construction of the contract of insurance in this record. If appellant is correct in its construction, then its general exception should have been sustained, while, on the other hand, if appellee be correct in his interpretation, then the record fully supports the judgment of the trial court.

Appellant depends, and the majority opinion rests, in a large measure, upon the decision of the Supreme Court of the United States in the case of Bergholm v. Peoria Life Insurance Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416. This case reached the Supreme Court because of a supposed conflict between the decision of the Circuit Court of Appeals for the Eighth Circuit in the case of Minnesota Mutual Life Insurance Co. v. Marshall, 29 F.(2d) 977, and the decision of the

Circuit Court of Appeals for the Fifth Circuit, 50 F.(2d) 67, in the Bergholm Case. While the distinction between the two cases is what might be called a "hair line" distinction, yet the Supreme Court recognized it and held in effect, that the language of the Marshall policy provided for liability to commence and depend upon the occurrence of the disability and not upon the receipt of notice. A comment upon the Marshall decision by the Supreme Court is: "The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration." (The Bergholm policy). "There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disability * * * the Company will waive the payment of all premiums thereafter coming due.' The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished."

The provision for waiver in the Bergholm Case was "upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the Company will" (1) Pay premiums. (2) Pay monthly indemnity.

The effect of the action of the Supreme Court is therefore to let both decisions stand as the settled law of the land.

Chief Justice McClendon, of the Austin Court of Civil Appeals, in a case based upon the identical provisions in the policy in the case at bar, held, after quoting at length from the Bergholm and the Marshall Cases, that the construction was ruled by the Marshall decision. Recognizing the fact that "authorities in other jurisdictions are not in accord upon the question," he concludes that "those in this state, which we think are supported by the better reasoning, hold that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished"—citing the Marshall Case (C.C.A.) 29 F.(2d) 977, Mid-Continent Life Insurance Co. v. Hubbard (Tex.Civ.App.) 32 S.W.(2d) 701, and other authorities. See State Life Insurance Co. v. Barnes (Tex.Civ.App.) 58 S. W.(2d) 189, 190. The learned Chief Justice took occasion in this case to suggest that: "If appellant, the author of the language of the policy, had intended to make the notice and proof of liability a condition precedent to effectiveness of the waiver, apt unequivocal language to that effect was available and should have been employed. Absent which the rule is applicable that, 'where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted' "—again citing the Bergholm Case, supra. (Italics mine.) The fact that trial courts, Courts of Appeal, and Supreme Courts differ as to the construction to be placed upon the language of this contract seems to the writer to be convincing argument that the language is of "doubtful meaning."

The phraseology of the policy in the Marshall Case and that of the case at bar are not exactly the same, it is true, but the legal effect is certainly the same, while that of the Barnes Case is *identical*.

In the case of Jefferson Standard Life Insurance Co. v. Williams, 62 S.W.(2d) 661, this court, speaking through Justice Lattimore, held that a policy containing provisions quite similar to those in the Bergholm Case was not ambiguous, and that the waiver depended upon the proof of disability, and that the failure to furnish such proof was a violation of the terms of the policy. An inspection of the policy will readily disclose the difference between it and the one here considered. He does distinguish the case, however, from that class of cases where the absence of proof of disability is accounted for by proof of insanity or physical disorder rendering the insured incapable of giving any notice to the insurer, and appellant cites the case as authority for its position in this case. It seems to be directly in line with the Bergholm decision, for the provisions of waiver are practically identical.

The writer has carefully considered the briefs and arguments of counsel, and has reached what seems to him to be not only the legal conclusion of the matter, but what we may call a "common sense" solution of a somewhat vexed problem.

Appellant sold and appellee bought certain protection against the common enemies of all mankind; death and disability. The insured met with disability early in 1930. Not recognizing his condition, but

buoyed up by false hope, he delayed making his claim at the time, and, like a valiant soldier, fought his enemy to the last ditch, doubtless believing all the time that he would finally win the battle, but probably resting securely under the conviction that if he lost in the end, upon proper proof being made, the insurer would pay his $50 per month. This, I think, he is entitled to under the law of this state, as well as the common sense of the question. It is what he bought and paid for, in my judgment.

I think the judgment of the trial court should be affirmed.