## CONNECTICUT GENERAL LIFE INS. CO. v. SMITH.

### No. 2901.

Court of Civil Appeals of Texas. Beaumont.
May 15, 1936.

Rehearing Denied May 20, 1936.

Orgain, Carroll & Bell, of Beaumont, for appellant.

David E. O'Fiel, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee sued appellant to recover insurance as for total and permanent disability in the sum of $2,500 on what is designated as group policy No. G5039. He alleged that the Connecticut General Life Insurance Company issued its policy No. G5039 to the Gulf Oil Corporation of Pennsylvania, a group policy, whereby it insured all of the employees of said Gulf Oil Corporation and the employees of its subsidiary and affiliated companies, of which the Gulf Refining Company at Port Arthur, Tex., was one, against death and against total and permanent disability; that he was an employee of said Gulf Refining Company, and was covered by said policy, which originally was for $1,000, but in accordance with the terms of the policy it had been increased from time to time until it had reached the sum of $2,500, the maximum amount permitted; that, because of physical afflictions and diseases (fully pleaded), from which he had suffered at various times, he became totally and permanently disabled to work on or about January 15, 1932; that on said date his said insurance was in full

force and effect, and said company became liable to pay to him said sum of $2,500, demand for which had been made. but payment refused. He further alleged that, after he became totally and permanently disabled to work, he made due proof of said disability as required by the terms of the policy, and prayed for judgment.

Appellant answered by general demurrer, various special exceptions, and general denial. It specially answered that liability under the policy sued on was conditioned upon appellee's furnishing appellant with due proof of loss, which meant making proof of loss within a reasonable time after the loss, and that such proof was not made. It further specially answered that under the terms of the policy the insurance ceased to be effective and terminated at such time when appellee ceased to be an employee of the Gulf Refining Company, and that appellee ceased to be such employee on or about January 15, 1932, when he was removed from the list of such employees and his said policy of insurance was canceled, and further that appellee's cause of action, if any he ever had, was barred by the 4-year statute of limitation. The answer was verified as to failure to make due proof of loss.

The court overruled appellant's general demurrer and all of the special exceptions. At the conclusion of the evidence, appellant moved for an instructed verdict, which was refused. The case was tried to a jury upon special issues, which were answered favorable to appellee, and judgment rendered in accordance therewith for $2,500. The case is before us on appeal from that judgment.

■■■ We think the court erred in permitting appellee, over appellant's objection, to prove that he had only one good eye—that his right eye was bad. The objection to the testimony was that it had no support in the pleading. There was no allegation that his disability was in any degree due to bad eyesight. The suit was to recover because of total and permanent disability. Appellee specially pleaded his various sicknesses and afflictions which he alleged caused his disability. That objected to— bad eyesight—was not pleaded as a contributing cause of the alleged total and permanent disability, but the jury was permitted to hear and consider same. It is easily conceivable how bad eyesight may of itself or as a contributing factor cause disability in performing physical labor. It

is more than probable that the consideration of this evidence, together with other evidence relating to appellee's ailments, had force in the jury's answer to the issue involved finding total and permanent disability. The law is well settled that, in pleading specifically the elements or things causing damage to one, the consideration by the jury in arriving at their finding must be confined to those pleaded. Texas & N. O. Ry. Co. v. Crow, 121 Tex. 346, 48 S.W.(2d) 1106; Texas General Utilities Co. v. Nixon (Tex.Civ.App.) 81 S.W.(2d) 250 (writ refused); Missouri P. Railway Co. v. Hennessey, 75 Tex. 155, 12 S.W. 608.

■■■ For the purpose of proving the issuance and existence of the insurance policy, No. G5039, upon which appellee sought to recover, appellee offered the depositions of Walter I. King, vice president of appellant, Connecticut General Life Insurance Company, said depositions having theretofore been taken in the case of Jas. F. Lincoln against appellant, which were objected to by appellant for the reasons, among others, that said depositions were taken in another and separate and distinct suit, with a different plaintiff complaining of a different cause of action, which objections were overruled and the depositions admitted in evidence. Error is assigned against this ruling. The taking of depositions and the procedure relative thereto is purely a creature of statute, and the statute also prescribes the cases in which depositions are admissible. Article 3766, R.S.1925, provides: "Depositions may be read in evidence upon *the trial of any suit in which they are taken,* subject to all legal exceptions which might have been made to the interrogatories and answers, where the witness is personally present before the court giving evidence." (Italics ours.)

This is the only provision with reference to the reception in evidence of depositions, and the courts have uniformly held that the statute must be complied with and that depositions are not admissible unless they fall clearly within the terms of the statute. 15 Tex.Jur. § 54, p. 97; People's Nat. Bank v. Mulkey, 94 Tex. 395, 60 S.W. 753; Martinez v. Bruni (Tex.Com. App.) 235 S.W. 549; St. Louis Southwestern R. Co. v. Woldert Grocery Co. (Tex.Civ.App.) 144 S.W. 1194; Castleberry v. Bussey (Tex.Civ.App.) 166 S.W. 14 (writ refused). See, also, Wann v.

Metropolitan Life Ins. Co. (Tex.Com.App.) 41 S.W.(2d) 50. The assignment is sustained.

 The assignments discussed would reverse and remand the case. There are many other assignments, but, because of our conclusion on the next assignment, we forego any discussion of them. The insurance policy in controversy contained this provision: "The Connecticut General Life Insurance Company of Hartford, Connecticut, (hereinafter called the company) hereby agrees, subject to the terms and conditions of this policy, to pay immediately on receipt of due proof of death or of permanent total disability as hereinafter defined of any employee of the Gulf Oil Corporation of Pennsylvania and/or affiliated and/or subsidiary companies (hereinafter called the employer) the sum to which the designated employee is entitled in accordance with the following schedule of insurance on each life."

Appellant, by verified plea, specially pleaded this provision, and that payment contracted to be made under the policy was conditioned upon receipt by the company of due proof of loss, and that "due proof of loss" meant proof of loss made, "within a reasonable time" after the happening of the loss, and that no such proof had been made, and therefore no recovery under the policy could be had. Appellee sought to introduce an instrument of date November 13, 1934, mailed to appellant's office at Hartford, Conn., as proof of loss. Appellant's objection to the admission of the instrument was sustained. No further proof was made. No exception to the action of the court in excluding the instrument was taken by appellee. However, if the proof offered had been admitted, it would not have complied with the requirement in the policy for "due proof," because made too late—3 years, 10 months, and 28 days after the happening of the loss as found by the jury. The policy not stipulating the time in which proof should be made, the law required that it be made within a reasonable time after the loss occurred. The delay of 3 years, 10 months, and 28 days in making the proof, as a matter of law, was unreasonable and did not meet the requirement of the policy. That proof of loss furnished after the expiration of a reasonable time does not comply with the requirement of "due proof of loss" is well settled: Travelers' Ins.

Co. v. Scott (Tex.Civ.App.) 218 S.W. 53 (17 months) (writ refused); Texas Glass & Paint Co. v. Fidelity & Deposit Co. (Tex.Com.App.) 244 S.W. 113 (21 months); Jefferson Standard Ins. Co. v. Williams (Tex.Civ.App.) 62 S.W.(2d) 661 (4 years, 5 months); Hefner v. Fidelity & Casualty Co., 110 Tex. 596, 160 S.W. 330, 222 S.W. 966 (10 months). Due proof of loss being a condition precedent, so made by the express terms of the policy, to a recovery, and no proof of loss being shown, the court should have sustained appellant's motion for an instructed verdict. The judgment is reversed and judgment here rendered for appellant. Reversed and rendered.

WALKER, Chief Justice, and COMBS, Justice.

We concur in the conclusions of Mr. Justice O'QUINN reversing and rendering the judgment of the lower court.